## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 09 2019, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alan D. Wilson
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Jacob M. O'Brien
Scott L. Starr
Starr Austen & Miller, LLP
Logansport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Merritt's Truck and Auto Repair, Inc.,

*Appellant-Defendant,*

v.

Bullard Trucking Company, L.L.C.,

*Appellee-Plaintiff*

September 9, 2019

Court of Appeals Case No. 18A-PL-2010

Appeal from the
Howard Superior Court

The Honorable
Daniel C. Banina, Special Judge

Trial Court Cause No.
34D02-1606-PL-427

**Vaidik, Chief Judge.**

[1] Bullard Trucking Company, L.L.C. ("Bullard") sued Merritt's Truck and Auto Repair, Inc. ("Merritt's") in relation to the repair of a broken-down semi-truck engine. Bullard made seven claims against Merritt's: (1) breach of contract; (2)

breach of express warranty; (3) negligent bailment; (4) fraud; (5) breach of implied warranty of merchantability; (6) breach of implied warranty of fitness for a particular purpose; and (7) promissory estoppel. The case proceeded to a jury trial, and the jury returned a verdict in favor of Bullard. The jury found that Bullard had suffered $70,000 in damages but actually awarded a total of $200,000 as treble damages, indicating that it had found fraud by Merritt's. *See* Ind. Code § 34-24-3-1(1) (authorizing award of treble damages for fraud).

[2] Merritt's now appeals, raising seven issues of its own. Specifically, Merritt's contends that: (1) Bullard's fraud claim is barred by the Statute of Frauds, Indiana Code section 32-21-1-1; (2) the trial court should not have allowed Bullard to ask the jury for an award of treble damages under Section 34-24-3-1; (3) the trial court committed reversible error by failing to issue a pre-trial order pursuant to Indiana Trial Rule 16(J); (4) the trial court should have allowed Merritt's to rely on various warranty disclaimers; (5) the trial court should not have sent Bullard's negligence claim to the jury; (6) the trial court should have given the jury a verdict form that allowed for the apportionment of a percentage of fault to a non-party; and (7) the evidence is insufficient to support the jury's verdict.

[3] In its appellee's brief, Bullard convincingly argues that Merritt's failed to raise any of these seven issues in the trial court and that it therefore waived them for purposes of appeal. Despite having filed a 54-page appellant's brief, Merritt's did not file a reply brief to respond to Bullard's waiver arguments. We have

reviewed the record, and we agree with Bullard that Merritt's waived all the issues it raises on appeal.

[4] Merritt's argues that Bullard's fraud claim is barred by the Statute of Frauds, Indiana Code section 32-21-1-1. Merritt's did not make this argument to the trial court, so it is waived for purposes of appeal. *See Zavodnik v. Harper*, 17 N.E.3d 259, 264 (Ind. 2014).

[5] Merritt's argues that Bullard waited too long to announce its intent to seek treble damages under Indiana Code section 34-24-3-1 and that the trial court therefore erred by allowing Bullard to seek treble damages at trial. Merritt's did not make this argument to the trial court, so it is waived for purposes of appeal. *See id.*

[6] Merritt's argues that the trial court committed reversible error by failing to enter a pre-trial order pursuant to Trial Rule 16(J). Merritt's did not complain to the trial court about the lack of a pre-trial order, so this argument is waived for purposes of appeal. *See id.*

[7] Merritt's argues that the trial court erred by entering a directed verdict prohibiting it from making arguments to the jury based on a warranty disclaimer that appeared on various documents. However, when Bullard moved for the directed verdict on the issue, Merritt's offered no opposition. Tr. Vol. IV p. 38 ("Well, you've already got me on that one. I guess."). As such, Merritt's waived the issue for purposes of appeal. *See Zavodnik*, 17 N.E.3d at 264.

[8] Merritt's argues that Bullard's negligence claim should not have been sent to the jury "because, as a matter of law, no duty was owed." Appellant's Br. p. 43. Setting aside the fact that the jury found Merritt's liable for fraud, not negligence, Merritt's did not make this argument to the trial court, so it is waived for purposes of appeal. *See Zavodnik*, 17 N.E.3d at 264.

[9] Merritt's argues that the trial court erred by failing to give the jury a verdict form allowing for the apportionment of fault to a non-party (Midwest Engines, Inc.) and to instruct the jury accordingly. However, when the trial court indicated its intent to use a different verdict form, Merritt's did not object. As such, Merritt's waived this argument for purposes of appeal. *See id.*

[10] Merritt's argues that Bullard did not present sufficient evidence to support a jury verdict for fraud. In the trial court, however, Bullard did not file a motion for judgment on the evidence or a motion to correct error making such a claim. By failing to do so, Merritt's waived this argument for purposes of appeal. *See Henri v. Curto*, 908 N.E.2d 196, 208-09 (Ind. 2009) (holding that claim of insufficient evidence cannot be raised on appeal in civil jury case "if not previously preserved in the trial court by either a motion for judgment on the evidence filed before judgment or in a motion to correct error"); *see also* Ind. Trial Rule 50(A)(5) (providing that challenge to sufficiency of evidence in jury trial may be raised "upon appeal for the first time in criminal appeals but not in civil cases").

[11] Affirmed.

Kirsch, J., and Altice, J., concur.